UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAMON JESUS ALANIZ, JR.,

        Petitioner,

        Case No. 14-cr-20583

v.

        Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

        Respondent.

_____/

**ORDER DENYING MOTION TO TOLL AND DENYING MOTION TO VACATE AS UNTIMELY**

On September 30, 2015, Petitioner Ramon Alaniz was sentenced to a term of 82 months of imprisonment after pleading guilty to robbery. ECF No. 27. Judgment was entered on October 6, 2015. ECF No. 27. On May 8, 2017, Alaniz filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 29. He simultaneously filed a motion wherein he requested that the Court consider his untimely § 2255 motion. ECF No. 31. Alaniz contends that he was placed in administrative segregation on September 14, 2016, a few weeks before the deadline to file a § 2255 motion. He alleges that his property, including legal papers, were seized and stored by the property officer while he was detained. Upon his release from administrative segregation, his previously prepared § 2255 motion was not among his belongings. According to Alaniz, another inmate approached him on April 21, 2017, and informed him that Alaniz's legal papers, including the completed motion, had been given to him. Based on these "extraordinary circumstances," Alaniz contends that equitable tolling of the deadline for filing the motion is appropriate. Mot. Enter. at 4. The Court directed the Government to respond to Alaniz's motions.

For the reasons stated below, equitable tolling is not appropriate. As such, Alaniz's § 2255 motion is untimely and will be denied.

**I.**

Judgment in Alaniz's case was entered on October 7, 2015, and became final 14 days afterwards. Fed. R. App. P. 4(b)(1)(A)(ii) (providing fourteen days for filing a notice of appeal in a criminal case). A motion seeking relief under § 2255 is untimely if it is not filed within a "1-year period of limitation. 28 U.S.C. § 2255(f). "That limitation period shall run from the latest of"

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at (f)(1)–(4).

Here, Alaniz could only conceivably rely upon § 2255(f)(1). Thus, Alaniz's deadline for filing his § 2255 motion was October 21, 2016. Alaniz did not file his habeas petition until May 8, 2017. ECF No. 29.

In some situations, equitable tolling of the one-year deadline is appropriate. *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006). However, "equitable tolling should be granted sparingly." *Id.* (citing *Dunlap v. United States*, 250 F.3d 1001, 1008–09 (6th Cir. 2001)). The following factors are considered in determining whether to toll:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.*

Alaniz contends that he believed the deadline to file was September 29, 2016, a year after he was sentenced. Alaniz was in administrative detention from September 4, 2015, to October 4, 2015, after being found in possession of a weapon. Upon being released, Alaniz's already completed (but not submitted) motion for habeas relief was not returned to him. On April 22, 2017, another inmate found and returned the § 2255 motion to Alaniz.

Even assuming all alleged facts to be true, tolling is not warranted here. First of all, Alaniz was not in administrative detention when the deadline to file passed. In fact, he had at least three weeks after being released in which to prepare his motion. Alaniz asserts that he was operating under a misconception regarding the deadline to file. Even if true, Alaniz could have researched the deadline for filing and learned he had another month to file. Alternatively, Alaniz could have filed a motion for an extension immediately after leaving administrative detention. But Alaniz did nothing for seven months. That lack of diligence dramatically undercut Alaniz's request for relief. This is not a case where "exceptional circumstances" outside Alaniz's control prevented him from timely filing his habeas petition. *See Dunlap v. United States*, 250 F.3d 1001, 1009 (6th Cir. 2001) (collecting cases). His motion for equitable tolling will be denied. Because his motion to vacate is untimely under § 2255(f), it will likewise be denied.

**II.**

Before Petitioner may appeal the Court's decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should be issued if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

Having considered the matter, the Court concludes that reasonable jurists would not dispute whether Petitioner's motion to vacate was time-barred. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

### III.

Accordingly, it is **ORDERED** that Petitioner Alaniz's motion to toll, ECF No. 31, is **DENIED.**

It is further **ORDERED** that Petitioner Alaniz's motion to vacate, ECF No. 29, is **DENIED as untimely.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: June 13, 2017   s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 13, 2017.

                                    s/Kelly Winslow
                                    KELLY WINSLOW, Case Manager