UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 14-20583

v.                                              Honorable Thomas L. Ludington

RAMON JESUS ALANIZ, JR.,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE**

On June 18, 2015, Defendant Ramon Jesus Alaniz, Jr. pled guilty to robbery in violation of 18 U.S.C. § 2111. ECF No. 19. He was sentenced to 82 months imprisonment. ECF No. 27. He is currently housed at Federal Correctional Institution, Butner ("FCI Butner") in Butner, North Carolina.

On November 9, 2020, Defendant moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 38. Defendant cites his fear of contracting the novel coronavirus ("COVID-19"). *Id.* at PageID.190. Section 3582 provides, in relevant part,

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i). As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his

administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). Defendant's Motion does not mention any attempt to exhaust his administrative remedies with the BOP. As a result, Defendant's Motion will be denied without prejudice. Defendant may file another motion for compassionate release, but he must include evidence that he requested compassionate release from the BOP and that such request was denied or at least 30 days have passed.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 38, is **DENIED WITHOUT PREJUDICE**.

Dated: January 22, 2021                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Ramon Jesus Alaniz, Jr.** #50615-039, BUTNER MEDIUM FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, BUTNER, NC 27509 by first class U.S. mail on January 22, 2021.

s/Kelly Winslow
KELLY WINSLOW, Case Manager